PEOPLE OF PORTO RICO, Plaintiff and Appellee, v. HIPÓLITA SANTIAGO, Defendant and Appellant.

No. 2568. Argued November 13, 1925.—Decided December 23, 1925.

ARMS—CARRYING ARMS—RAZOR.—A person who asks another for his razor and takes it in his hand with the intention of keeping it on his person, although for a short time, carries it on his person and violates the law.

District Court of Ponce, R. Díaz Cintrón, J. Judgment of conviction for carrying arms. *Affirmed.*

*F. Colón* and *L. Tormes* for the appellant. *José E. Figueras, Fiscal,* and *Luis Samalea* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Hipólita Santiago was sentenced to a month in jail for carrying a barber's razor, a prohibited arm. She appealed to this court and, citing the case of *People v. Moll*, 28 P. R.R. 733, contends that even admitting the truth of the evidence introduced by the prosecution, the commission of the crime for which she was convicted was not proved.

We do not agree. The evidence was contradictory on material points. That which was believed by the court shows that upon entering an automobile the defendant asked another person for *her money and her razor.* The other

person did not want to deliver to her the razor. At last he did so and when the accused was about to put the razor into one of her stockings a policeman who was in the automobile attempted to take it from her and she threw it into the street.

In the *Moll Case, supra,* it was said: "The intention of the law is to punish one who carries such a weapon on or about his person, but it does not include one who may casually take it in his hand." Moll was not the owner of the arm and did not have the intention of carrying it. In this case the accused asked for *her razor* and succeeded in taking it in her hands with the intention of keeping it on her person. It does not matter for how short a time she carried it. That she did not keep it was due to the policeman's intervention.

This being the case and no showing having been made that the judge was actuated by passion, prejudice or partiality, or that he committed manifest error in adjusting the conflict in the evidence, the judgment appealed from should be affirmed.

Mr. Justice Wolf took no part in the decision of this case.